UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADELMA ANAYA, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>MACHINES DE TRIAGE ET BROYAGE, et al.,<br><br>        Defendants. | Case No. 18-cv-01731-DMR<br><br>**ORDER DENYING MOTION TO STRIKE, OR IN THE ALTERNATIVE, MOTION TO DISMISS**<br><br>Re: Dkt. No. 7, 50 |

Plaintiffs Adelma Anaya, Tanya Anaya, Vanessa Anaya, and Alberto Anaya, Jr. filed this wrongful death action on March 20, 2018. Jurisdiction is based on the diversity of citizenship between the parties. Defendant Wendt Corporation ("Wendt") brings the current motion to strike, or in the alternative, motion to dismiss Plaintiffs' claims for punitive damages. Defendant Machines de Triage et Broyage ("MTB") joins in the motion.[1] The court held a hearing on January 10, 2019. For the reasons laid out below, the motion is denied.

I.     **BACKGROUND**

Alberto Anaya, Sr. ("Decedent") worked at Alco Iron & Metal Company ("Alco"). On June 30, 2017, a piece of equipment fell on him causing fatal injuries. Compl. ¶ 4. The equipment involved in the incident was a screw conveyor. The screw conveyor was manufactured by Auger, and was part of a larger recycling system that Alco purchased from Wendt, which is the North American Distributor of systems and products for MTB. *Id.* Decedent was killed during the Recycling System installation process. *Id.*

Plaintiffs are Decedent's next of kin. Compl. ¶ 4. The operative complaint alleges five

---

[1] Cross-Defendant Auger, S.A.S. ("Auger") is not a party to this motion.

claims for relief: wrongful death (negligence); survival action (negligence); strict products liability (manufacturing or design defect); strict products liability (failure to warn); and negligent products liability (failure to warn). Compl. ¶¶ 20-87. Plaintiffs seek punitive damages pursuant to California Civil Code § 3294.

Wendt and MTB now move for an order to strike, or in the alternative, for an order to dismiss Plaintiffs' claims for punitive damages based on strict products liability, including the following portions of the complaint:

1. "Defendants knew what the machinery, including the screw conveyor was intended to do and how it would be used in conjunction with workers such as Decedent, ALBERTO ANAYA, working at or near the machine when it was in operation. Further, Defendants knew that ensuring that the machinery/screw conveyor was safe was of utmost importance and that there was a foreseeable likelihood that if the screw conveyor was not designed safely, significant injury, or even death could result. This defect was obvious and therefore, should have been known to Defendants. Based upon the above facts, Defendants were or should have been aware of the design defect, and Defendants acted in a clearly vile, base, or contemptible manner." Compl. ¶ 48.

2. "The conduct which Plaintiffs complain of in this Complaint, and which is alleged herein, was carried out by the Defendants and DOES 1 through 10 willfully, intentionally, and with oppression, malice, and fraud and was carried with conscious disregard of Plaintiffs' safety to which Plaintiffs are entitled to an award of exemplary damages according to proof. Specifically, punitive damages are warranted under the circumstance because Defendants had knowledge or should have had knowledge that the subject machinery, including the screw conveyor which is the subject of this litigation, was unreasonably dangerous and unsafe for reasons which include, but are not limited to the fact the machine's design and/or manufacturing caused it to be inadequately guarded at the time it left Defendants' control."

3. "Defendants knew what the machinery/screw conveyor was intended to do

and how it would be used in conjunction with workers such as Decedent, ALBERTO ANAYA. Further, Defendants knew that ensuring that the machinery/screw conveyor was safe was of utmost importance and that there was a foreseeable likelihood that if the screw conveyor was not designed safely, significant injury, or even death could result. This defect was obvious and therefore, should have been known to Defendants. Based upon the above facts, Defendants were or should have been aware of the design defect, and Defendants acted in a clearly vile, base, or contemptible manner." Compl. ¶ 71.

4.     "Defendants knew what the machinery/screw conveyor was intended to do and how it would be used in conjunction with workers such as Decedent, ALBERTO ANAYA. Further, Defendants knew that ensuring that the machinery/screw conveyor was safe was of utmost importance and that there was a foreseeable likelihood that if the machine was not designed safely, significant injury, or even death could result. This defect was obvious and therefore, should have been known to Defendants. Based upon the above facts, Defendants were or should have been aware of the design defect, and Defendants acted in a clearly vile, base, or contemptible manner." Compl. ¶ 74.

5.     "The conduct which Plaintiffs complain of in this Complaint, and which is alleged herein, was carried out by Defendants and DOES 1 through 10 willfully, intentionally, and with oppression, malice, and fraud and was carried with conscious disregard of Decedent, ALBERTO ANAYA's safety to which Plaintiffs are entitled to an award of exemplary damages according to proof. Specifically, punitive damages are warranted under the circumstance because Defendants had or should have had knowledge that the subject machinery/screw conveyor machine, including the screw conveyor machine which is the subject of this litigation, was unreasonably dangerous and unsafe for reasons which include, but are not limited to the fact the machine's design and/or manufacturing caused it to be inadequately guarded at the time it left Defendants' control." Compl. ¶ 78.

In addition, Wendt and MTB move to strike, or in the alternative, to dismiss Plaintiffs' prayer for relief for punitive damages. *See* Compl. at 16.

## II.    ANALYSIS

### A.    Rule 12(f) Motion to Strike

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.*

"Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *California Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (citing cases). "In reviewing a motion to strike, the court must view the pleadings under attack in the light most favorable to the pleader." *Steines*, 2018 WL 6330600, at *8. "If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).

Here, Defendants move to strike Plaintiffs' claim for punitive damages, as well as specific allegations supporting that claim, on the basis that they are impertinent and immaterial under Rule 12(f). Motion at 10. Defendants' motion to strike is improper.

In *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010), the Ninth Circuit reviewed a district court's decision to strike a claim for damages where the lower court had found that the specific damages at issue were precluded as a matter of law. The Ninth Circuit reviewed the five categories of material that may be stricken from a complaint pursuant to a Rule 12(f) motion and determined that none of them applied to a request for damages. 618 F.3d at 973-74.

4

Specifically, *Whittlestone* held that a request for damages is neither immaterial nor impertinent to the underlying claim for relief: "the claim for damages is not immaterial, because whether these damages are recoverable relates directly to the plaintiff's underlying claim for relief. . . . [T]he claim for damages is not impertinent, because whether these damages are recoverable pertains directly to the harm being alleged." *Id.* at 974. The court held that Rule 12(f) should not be used "as a means to dismiss some or all of a pleading . . . because a Rule 12(b)(6) motion (or a motion for summary judgment at a later stage in the proceedings) already serves such a purpose." *Id.*

*Whittlestone* applies here. To the extent Defendants challenge the request for punitive damages in the complaint, Ninth Circuit law dictates that they must do so through Rule 12(b)(6), not Rule 12(f). Accordingly, Defendants' motion to strike allegations relating to Plaintiffs' claim for punitive damages is denied.

### B. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

In the alternative, Defendants move to dismiss the punitive damages claim as insufficiently pleaded. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc*., 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted).

Defendants argue that the complaint does not sufficiently plead that they acted with malice, fraud, or oppression as required by California Civil Code § 3294(a). In addition, they argue that Plaintiffs do not adequately plead the requirements for recovery of punitive damages against a corporation pursuant to California Civil Code § 3294(b).

### 1. Pleading Requirement Under Section 3294(a)

In order to support a claim for punitive damages under California law, Plaintiffs are required

to prove "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civil Code § 3294(a). "Malice" is defined as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Cal. Civ. Code § 3294(c)(1). "Punitive damages may be awarded in a product liability action if it is shown that the defendant placed a product on the market in conscious disregard of the safety of consumers and others." *Ehrhardt v. Brunswick, Inc.*, 186 Cal. App. 3d 734, 741 (1986). "Conduct which may be characterized as unreasonable, negligent, grossly negligent or reckless does not satisfy the highly culpable state of mind warranting punitive damages." *Woolstrum v. Mailloux*, 141 Cal. App. 3d Supp. 1, 10 (1983).

Defendants argue that "[t]he predominating claim in Plaintiffs' Complaint is that of alleged negligence on behalf of defendants." Motion at 12. They contend that "there are few, if any, allegations that support a conclusion that [Wendt] acted with conscious disregard for the safety of others in such a way as to give rise to a finding of malice necessary to support the imposition of punitive damages against Wendt," and "Plaintiffs' allegations are merely conclusory statements that defendants acted in a 'clearly vile, base, or contemptible manner.'" *Id.* Defendants assert that these conclusory allegations do not meet the pleading requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), because a well-pleaded complaint must contain "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545; Motion at 10.

Under Rule 9(b), "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. Proc. 9(b). The longstanding rule in the Ninth Circuit is that Rule 9(b) does not require "any particularity in connection with an averment of intent, knowledge or condition of mind." *In re GlenFed, Inc. Sec. Litig.*, 42 F3d 1541, 1546-47 (9th Cir. 1994) (en banc), *superseded by statute on other grounds as stated in SEC v. Todd*, 642 F.3d 1207, 1216 (9th Cir. 2011) (quoting *Walling v. Beverly Enters.*, 476 F.2d 393, 397 (9th Cir. 1973). Based largely on this principle, a number of courts have held that "in federal court, a plaintiff may include a 'short and plain' prayer for punitive damages that relies entirely on unsupported and conclusory averments

of malice or fraudulent intent." *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 273 (N.D. Cal. 2015) (quoting *Clark v. Allstate Ins. Co.*, 106 F. Supp. 2d 1016, 1019 (S.D. Cal. 2000)); *see also Greenwich Ins. Co. v. Rodgers*, 729 F. Supp. 2d 1158, 1164 (C.D. Cal. 2010) ("With respect to the malice necessary to support a claim for punitive damages, conclusory pleading is sufficient."); *Inchauspe v. Scan Health Plan*, No. 217CV06011CASJCX, 2018 WL 566790, at *10 (C.D. Cal. Jan. 23, 2018) ("The Ninth Circuit has not extended the *Twombly* and *Iqbal* standard to punitive damages allegations"). However, other courts have held that *Iqbal* and *Twombly* preclude conclusory pleading of punitive damage claims.[2] *See, e.g., Kelley v. Corrections Corp. of America*, 750 F. Supp. 2d 1132, 1147 (E.D. Cal. 2010) (applying pleading standards in *Twombly* and *Iabal* to claims for punitive damages under California law); *Khan v. 7-Eleven, Inc.*, No. 14-cv-00522 DMG, 2015 WL 12743691, at *2 (C.D. Cal. Sept. 15, 2015) (following the reasoning in *Kelley* but recognizing disagreement among California district courts); *MCI Commc'ns Servs., Inc. v. Sec. Paving Co., Inc.*, No. 15-cv-01940 LJO, 2016 WL 1436521, at *4 (E.D. Cal. Apr. 12, 2016) ("[D]ecisions declining to apply *Twombly* and *Iqbal* in these circumstances provide no substantive justification for their departure from Supreme Court precedent.").

The Ninth Circuit has yet to weigh in on whether conclusory pleading of punitive damages claims is appropriate in the wake of *Twombly* and *Iqbal*. However, even if *Twombly* and *Iqbal* do apply, Plaintiffs go well beyond conclusory allegations here. Plaintiffs allege the following facts in support of their claim for punitive damages:

- "The defective machinery, reached Decedent, ALBERTO ANAYA, ALBERTO ANAYA, without substantial change in the condition in which the machine was designed and manufactured the machinery, including the screw conveyor used by, failed to perform as safely as an ordinary person would expect. Further, the machinery was defective as the

---

[2] Defendants did not cite any case that applies *Twombly* and *Iqbal* to punitive damages claims. Instead, they rely on California state cases. These cases do not apply, because California applies a heightened pleading standard that does not govern in federal court. *Rees*, 308 F.R.D. at 273 ("Although Section 3294 provides the governing substantive law for punitive damages, California's heightened pleading standard irreconcilably conflicts with Rules 8 and 9 of the Federal Rules of Civil Procedure—the provisions governing the adequacy of pleadings in federal court.") (quoting *Clark*, 106 F. Supp. 2d at 1018); *see also Coppola v. Smith*, 982 F. Supp. 2d 1133, 1144 (E.D. Cal. 2013) (same).

design embodied an excessive preventable danger." Compl. ¶ 43.

- "The machinery had a clear and obvious design defect which caused it to be inadequately guarded which made it unreasonably dangerous." Compl. ¶ 45.

- "The machinery was defective in that is lacked adequate warning or instructions concerning the proper use/assembly of the product." Compl. ¶ 46.

- "Defendants had knowledge or should have had knowledge that the subject machinery, including the screw conveyor which is the subject of this litigation, was unreasonably dangerous and unsafe for reasons which include, but are not limited to the fact the machine's design and/or manufacturing caused it to be inadequately guarded at the time it left Defendants' control." Compl. ¶ 51.

- "At the time of Decedent, ALBERTO ANAYA's accident, the machine in question lacked the adequate condition and warnings concerning the proper use/assembly of the product." Compl. ¶ 70.

These allegations contain more than a recitation of the elements of a cause of action; they identify specific defects and adequately allege Defendants' knowledge and conscious disregard of defects that imperil the safety of consumers and others.

Accepting all of the factual allegation in the complaint as true, the court finds that Plaintiffs have adequately pleaded the malice requirement under section 3294(a).

### 2. Pleading Requirement Under Section 3294(b)

Defendants also argue that the complaint does not adequately plead the requirements for recovery of punitive damages against a corporation under section 3294(b).

Section 3294(b) provides that a plaintiff may recover punitive damages against an employer only where "the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice." Cal. Civil Code § 3294(b). "With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." *Id.*

Defendants contend that "Plaintiffs' punitive damages request is fatally undermined by the Complaint's failure to allege that any corporate leader, officer or managing director of Wendt [a corporation] acted with the requisite intent to give rise to a finding of malice." Motion at 9. They also argue that the complaint fails to allege that "any acts or omissions on the part of Wendt were done with knowledge or under the express ratification of an officer, director or managing agent of Wendt." *Id.* at 9-10.

The pleading requirement expressed in section 3294(b) is a minimal bar, as it is also governed by liberal federal pleading standards. *See Rees*, 308 F.R.D. at 274. Plaintiffs may meet the standard for pleading punitive damages against corporate employers by showing that the harm alleged could not have occurred in the absence of authorization or ratification by corporate employer. *See, e.g.*, *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 888 (N.D. Cal. 2011) (denying motion to strike even though plaintiff did not expressly plead authorization or ratification because allegedly fraudulent loan would not have been made if it was not authorized or ratified by corporate employer). Courts have also permitted punitive damages claims against corporate employers on bare assertions of ratification. *See, e.g.*, *Taheny v. Wells Fargo Bank, N.A.*, No. CIV. S-10-2123-LKK, 2011 WL 1466944, at *5 (E.D. Cal. Apr. 18, 2011) (denying motion to strike where plaintiffs alleged "defendants consented, acquiesced, approved and ratified the behavior and conduct of its employees . . . in causing harm to plaintiffs"). In *Rees*, the court declined to strike punitive damages claims where the allegations of ratification were statements such as, "Plaintiffs are informed, believe, and thereon allege that at all times herein mentioned, each Defendant was acting as the agent, servant, employee, partner, coconspirator, and/or joint venturer of each remaining Defendant" and "[e]ach Defendant was acting in concert with each remaining Defendant in all matters alleged, [and] at all times was acting within the course and scope of its agency, employment, partnership, and/or concert of action." *Rees*, 308 F.R.D. at 276.

In the present case, Plaintiffs' complaint includes allegations of design defects and lack of adequate warnings or instructions. *See, e.g.*, Compl. ¶¶ 43, 45-47, 51, 56, 70. The decision to put a product on the market with a certain design, or without certain warnings, can be fairly imputed to a corporate employer because such acts could not have occurred without authorization from an

officer, director, or managing agent. Further, the complaint alleges that

> each of the Defendants herein were at all times the agent and/or employee of
> each of the remaining Defendants, and were at all times mentioned, acting
> withing the course and scope of said agency and/or employment, and each
> Defendant was acting with full knowledge and consent of his superior or
> principal, and each such principal or superior at all times ratified and acquiesced
> in each and every set of each Defendant and agent thereof, and as such each
> Defendant bound the other by his acts and deeds.

Compl. ¶ 8. These allegations of corporate ratification by each of Defendants' agents are similar to

the allegations found sufficient in *Rees*. As a whole, the complaint adequately puts Defendants on

notice of Plaintiffs' punitive damages theory.

At the hearing, Wendt argued that none of its corporate officers or agents would have had

the knowledge necessary to impose punitive sanctions on Wendt, as it is only a distributor of the

product at issue. Similarly, MTB argued that it did not manufacture the product but merely

purchased the screw conveyor from Auger and assembled the recycling system. These arguments

are unavailing. Although Wendt and MTB may have meritorious defenses to the imposition of

punitive damages, they are not properly the subject of a motion to dismiss. Plaintiffs adequately

alleged agency relationships between all Defendants. Accepting the factual allegations in the

complaint as true, the court finds that Plaintiffs have sufficiently pleaded a request for punitive

damages against all Defendants.

Accordingly, Defendants' motion to dismiss Plaintiffs' punitive damages claims for failure

to allege corporate ratification is denied.

## III. CONCLUSION

For the reasons stated herein, Defendants' motion to strike or, in the alternative, motion to

dismiss is denied.

**IT IS SO ORDERED.**

Dated: January 29, 2019



_____
Donna M. Ryu
United States Magistrate Judge